**SIGNED this 30th day of November, 2016**



_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

(Not for publication. Case has limited precedential value.)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

In re:

| | |
|---|---|
| Michael Alan Baum, | No. 1:14-bk-10158-SDR |
| Dianne Renae Baum, | Chapter 7 |
|     Debtors; | |
| | |
| Michael Alan Baum, | Adversary Proceeding |
| Dianne Renae Baum, | No. 1:16-ap-01035-SDR |
|     Plaintiffs | |

v.

The Bank of New York Mellon,
Select Portfolio Serving, Inc., *et al*.
    Defendants.

## MEMORANDUM

Defendants, The Bank of New York Mellon (successor to Bank of New York, successor to JPMorgan Chase, Successor to Bank One, NA) and Select Portfolio Servicing, Inc., have moved for the court to dismiss this adversary proceeding pursuant to Federal Rules of Civil

Procedure 8, 12(b)(1) and 12(b)(6) made applicable by Federal Rules of Bankruptcy Procedure 7008 and 7012. Plaintiffs, Michael Baum and Dianne Baum, have failed to respond to the motion to dismiss.

Plaintiffs have made three claims in this adversary proceeding: (1) that the Defendants have violated the automatic stay pursuant to 11 U.S.C. § 362, (2) that Defendants violated the discharge order previously entered in the Plaintiff's chapter 7 bankruptcy, and (3) that Defendants have violated the Federal Debt Collection Practices Act ("FDCPA"). Defendants' motion contends that the claims should be dismissed because (1) they fail to state a claim upon which relief can be granted, (2) the actions at issue were not a demand for payment or an attempt to collect a debt, (3) to the extent that the court finds the actions at issue are a violation of the stay, no private right of action exists, and finally, and (4) the court lacks subject matter jurisdiction over the FDCPA claims.

**I.    Jurisdiction**

Regarding the first two claims, the court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1334 and the general order of referral entered by the U.S. District Court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) & (O), which this court may hear and determine. Defendants have not challenged the court's jurisdiction on these claims.

However, Defendants have challenged the jurisdiction of this court as to the Plaintiffs' FDCPA claims on the basis that postpetition violations of the FDCPA are not property of the Plaintiffs' bankruptcy estate and are not "related to" the case. *See In re Frambes*, 454 B.R. 437, 443 (Bankr. E.D. Ky. 2011); *In re Marshall*, 491 B.R. 217, 223-4 (Bankr. S.D. Ohio 2012).

Plaintiffs have failed to respond to this challenge of jurisdiction. Therefore, the FDCPA claims are dismissed with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) made applicable by Federal Rule of Bankruptcy Procedure 7012.

**II.    Facts**

On January 14, 2014, Plaintiffs filed a chapter 7 bankruptcy with this court. Case no. 1:14-bk-10158-SDR ("Bankruptcy Case"), Doc. 1, Petition. Defendants held a claim secured by a mortgage on real property located at 19 Grant Street, North East, Pennsylvania 16428. Bankruptcy Case, Doc. 4, Statement of Intention. Plaintiffs surrendered the property in the Bankruptcy Case. *Id.* Plaintiffs received a discharge on April 22, 2014. Bankruptcy Case, Doc. 23, Discharge Order.

In February 2016, Defendants filed a Civil Action Mortgage Foreclosure in the Court of Common Pleas of Erie County, Pennsylvania, case no. 10487-16 ("Foreclosure Action"). (Doc. 1, Adversary Complaint ¶ 22.) Prior to filing for foreclosure in Pennsylvania, Defendants sent written notice to Plaintiffs, informing them that the mortgage was in default and that the property would be foreclosed upon. (Doc. 1, Exhibit A.)

Plaintiffs did not respond to the notice or to the complaint in the Foreclosure Action. (*See* Doc. 1, Exhibit B.) Defendants were granted a Judgment by Default in the Foreclosure Action on May 26, 2016. (*Id.*)

**III.    Analysis**

Defendants have moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) made applicable by Federal Rule of Bankruptcy Procedure 7012. They contend that the notice sent to the Plaintiffs was not an attempt to collect a debt but merely "sent to Plaintiffs for

3

informational purposes." (Doc. 16, Memorandum of Law in Support of Motion to Dismiss Adversary Complaint 10.) They also note that mortgage foreclosure in Pennsylvania is judicial. *See* Pennsylvania Rules of Civil Procedure 1141 – 1150. It is well established that a lien against real property survives a bankruptcy discharge and may be enforced by the creditor after the bankruptcy has concluded. *In re Vankell*, 311 B.R. 205, 212 (E.D. Tenn. 2004) (quoting *In re Geiger*, 260 B.R. 83, 88 (Bankr. E.D. Pa. 2001)). Defendants contend that the filing of the Foreclosure Action was the only way they could enforce their lien under Pennsylvania law. Plaintiffs did not allege any act to collect the debt other than the actions that are required by Pennsylvania law to enforce the Defendants' lien. There being no allegation of an act to collect a discharged debt, the Plaintiffs have failed to state a claim.

Further, Plaintiffs have failed to respond the Defendants' motion to dismiss. Local Bankruptcy Rule 7007-1 states that "a failure to respond timely to a motion will be construed to mean that the respondent does not oppose the relief requested." Therefore, because the Defendants have shown that they are entitled to the relief requested and Plaintiffs have failed to oppose the relief requested, the court will grant the Defendants' motion to dismiss.

**IV.    Conclusion**

For the reasons stated above, the motion to dismiss will be granted and the case will be dismissed with prejudice.

A separate order will enter.

# # #